UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK FIGUEROA<br><br>*Plaintiff,*<br><br>-against-<br><br>TERRENCE LOWENBERG, and TODD COHEN,<br><br>*Defendants.*<br><br>ICON REALTY MANAGEMENT LLC, THE ICON GROUP LLC, T & T REALTY MANAGEMENT LLC, 37 CROSBY REALTY LLC, 317-319 SECOND REALTY LLC, 443 EAST 78 REALTY ASSOCIATES LL, 30 WEST 88 REALTY LLC, 320-324 WEST REALTY ASSOCIATES LLC, 24-26 JANE REALTY LLC, 316 WEST 51 REALTY LLC, 535 HUDSON REALTY LLC, 406 WEST 48 REALTY LLC, 410 WEST 48 REALTY LLC, 353 6 AVE REALTY LLC, 316 WEST 14 REALTY ASSOCIATES LLC, 447 WEST 47 REALTY LLC, 192 EAST 3 REALTY LLC, 1382 FIRST REALTY LLC, 37 WEST 89 REALTY LLC, 446 WEST 19 REALTY ASSOCIATES LLC, 128 SECOND REALTY LLC, 477 AMSTERDAM REALTY LLC, 18 WEST 88 REALTY LLC, 27 AVE C REALTY LLC, 323 EAST 78 REALTY ASSOCIATES LLC<br><br>*Nominal Defendants* | CA No.:<br><br>VERIFIED COMPLAINT WITH JURY DEMAND |

Plaintiff, FRANK FIGUEROA ("Plaintiff"), by his attorneys The Law Offices of Martin E. Restituyo, P.C., complaining of defendants TERRENCE LOWENBERG, and TODD COHEN (together, the "Individual Defendants"), and nominal defendants ICON REALTY MANAGEMENT LLC, THE ICON GROUP LLC, T & T REALTY MANAGEMENT LLC, 37 CROSBY REALTY LLC, 317-319 SECOND REALTY LLC, 443 EAST 78 REALTY ASSOCIATES LL, 30 WEST 88 REALTY LLC, 320-324 WEST REALTY ASSOCIATES LLC, 24-26 JANE REALTY LLC, 316 WEST 51 REALTY LLC, 535 HUDSON REALTY LLC, 406

WEST 48 REALTY LLC, 410 WEST 48 REALTY LLC, 353 6 AVE REALTY LLC, 316 WEST 14 REALTY ASSOCIATES LLC, 447 WEST 47 REALTY LLC, 192 EAST 3 REALTY LLC, 1382 FIRST REALTY LLC, 37 WEST 89 REALTY LLC, 446 WEST 19 REALTY ASSOCIATES LLC, 128 SECOND REALTY LLC, 477 AMSTERDAM REALTY LLC, 18 WEST 88 REALTY LLC, 27 AVE C REALTY LLC, 323 EAST 78 REALTY ASSOCIATES LLC, alleges, upon knowledge as to his own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1) Defendants TERRENCE LOWENBERG, and TODD COHEN are sophisticated businessmen who own or manage well over 100 residential buildings in New York City.

2) New York Law requires the landlords of buildings with nine or more units to provide either a superintendent who lives within one block of the building or 24-hour janitorial services.

3) The Fair Labor Standards Act (FLSA) and the New York Labor Laws (NYLL) do not exempt superintendents from the requirement of overtime pay.

4) In order to skirt the FLSA and the NYLL the Individual Defendants forced their employee, the Plaintiff, to incorporate himself as a company so that they could pay him as an independent contractor.

5) From that point forward the Individual Defendants could, and did, dump all of their superintendent duties on the Plaintiff without concern over whether they were properly paying minimum wage or overtime.

6) Ultimately this arrangement led to Plaintiff being on call 24 hours per day for 44 of the Individual Defendants' buildings.

7) Plaintiff was at all times paid a fixed, non-negotiable rate, under the constant threat that if he refused to accept the terms he would be fired.

8) Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law, and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid minimum wage and overtime compensation and for other relief.

## JURISDICTION AND VENUE

9) Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

10) Venue is proper under 28 U.S.C § 1391(b)(l) because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiffs are also residents in this district.

## PARTIES

### *Plaintiff*

11) Plaintiff, Frank Figueroa, resides in New York, New York.

12) At all times relevant hereto Plaintiff has been operating as Frank's Cleaning Services LLC (hereafter "Frank's Cleaning Services") is a New York limited liability company owned solely by Frank Figueroa.

### *Defendants*

13) Defendant Terrence Lowenberg ("Lowenberg") is a resident of New York County, New York.

14) Defendant Todd Cohen ("Cohen") is a resident of New York County, New York.

15) Defendants Lowenberg and Cohen are hereinafter referred to as the Individual

Defendants.

16) At all times relevant hereto the Individual Defendants acted as Plaintiff's bosses and employers.

17) At all times relevant hereto the Individual Defendants were owners or mangers of the following Nominal Defendants:

    a) Defendant ICON REALTY MANAGEMENT LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

    b) Defendant THE ICON GROUP LLC, is a company duly organized and existing under the laws of the state of New York with a principal place of business address of 433 West 14th Street, Ste 429 3r, New York, New York 10014.

    c) Defendant T & T REALTY MANAGEMENT LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

    d) Defendant 37 CROSBY REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

    e) Defendant 317-319 SECOND REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State

Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

f) Defendant 443 EAST 78 REALTY ASSOCIATES LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

g) Defendant 30 WEST 88 REALTY LLC is a company duly organized and existing under the laws of the state of New York On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

h) Defendant 320-324 WEST REALTY ASSOCIATES LLC is a company duly organized and existing under the laws of the state of New York On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

i) Defendant 24-26 JANE REALTY LLC is a company duly organized and existing under the laws of the state of New York On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

j) Defendant 316 WEST 51 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

k) Defendant 535 HUDSON REALTY LLC is a company duly organized and

existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

l) Defendant 406 WEST 48 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

m) Defendant 410 WEST 48 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

n) Defendant 353 6 AVE REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

o) Defendant 316 WEST 14 REALTY ASSOCIATES LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

p) Defendant 447 WEST 47 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

q) Defendant 192 EAST 3 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

r) Defendant 1382 FIRST REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

s) Defendant 37 WEST 89 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

t) Defendant 446 WEST 19 REALTY ASSOCIATES LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

u) Defendant 128 SECOND REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

v) Defendant 477 AMSTERDAM REALTY LLC is a company duly organized and existing under the laws of the state of New York with a principal place of business address of 28 Liberty Street, 42nd Fl, New York, New York 10005.

w) Defendant 18 WEST 88 REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

x) Defendant 27 AVE C REALTY LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

y) Defendant 323 EAST 78 REALTY ASSOCIATES LLC is a company duly organized and existing under the laws of the state of New York. On the New York State Department of State Website, defendant lists a service of process address of 419 Lafayette Street, 5th Fl, New York, New York 10003.

18) At all times relevant hereto the Nominal Defendants were owners or managers of buildings located within the City of New York with 9 or more residential units.

## FACTUAL ALLEGATIONS

19) On August 26, 2009, Plaintiff was hired by Defendant Lowenberg to work as a Super managing four of Mr. Lowenberg's buildings.

20) As Super, Plaintiff was responsible for a building's general maintenance, including handling routine maintenance ensuring that public areas withing the building were clean, and overseeing the work of outside contractors.

21) Plaintiff was also responsible for addressing tenants' building related concerns, as they came up.

22) Plaintiff was paid $1700 per week plus an apartment.

23) Within a few years of this arrangement, however, the Individual Defendants grew their operations and they needed to provide similar services to all of their buildings.

24) New York Law requires landlords of buildings with nine or more units to provide either a superintendent who lives within one block of the building or 24-hour janitorial services.

25) The Individual Defendants determined that it was more profitable for them to have one person – the Plaintiff – provide 24-hour janitorial services to all of their buildings rather than hiring additional people.

26) Seeking to take advantage of what they perceived to be a loophole in the law, the Individual Defendants devised a scheme where they would "convince" the Plaintiff, and several other Supers, to incorporate as independent contractors and then assign to them the superintendent's responsibilities for their buildings.

27) On February 21, 2014, the Plaintiff incorporated Frank's Cleaning Services LLC.

28) Plaintiff is the only owner of Frank's Cleaning Services.

29) Plaintiff is the only employee of Frank's Cleaning Services

30) Frank's Cleaning Services was created for the sole purpose of providing superintendent services for the Defendants.

31) In its entire history of operation Frank's Cleaning Services has only had one client, namely the Individual Defendants and the buildings and they own or operate which are listed herein as the Nominal Defendants.

32) During the entire existence of Frank's Cleaning Services, Plaintiff has been treated as an employee of the Individual Defendants.

33) Plaintiff wears uniforms provided by the Individual Defendants with the title of the Individual Defendants' company written on it.

34) Plaintiff's pay is set by the Individual Defendants and is non-negotiable.

35) Plaintiff's schedule and hours of availability are set by the Individual Defendants and are also non-negotiable.

36) Plaintiff resides in an apartment provided by the Individual Defendants pursuant to a "Temporary Employment Occupancy Agreement" that identifies Plaintiff as an employee of the Individual Defendants and "head superintendent" of the properties managed by the Individual Defendants.

37) Plaintiff is introduced as "Head Superintendent" at all of the buildings where he works, and his name and number are provided to the tenants as an employee of the Individual Defendants and/or the Nominal Defendants.

38) On the several occasions that Plaintiff has been asked to testify on behalf of the Individual Defendants he has been asked to state under oath that he is an employee of the Individual Defendants and/or the Nominal Defendants.

39) In addition to providing his uniform, the Individual Defendants provided or reimbursed Plaintiff for all of the materials used by Plaintiff in the performance of his duties, inclusive all tools and equipment necessary for making the necessary repairs in the managed buildings, all cleaning tools and supplies necessary to maintain the buildings clean, and even a vehicle to transport himself and the tools to the various buildings managed.

40) For his services Plaintiff was paid $10,000 per month, $3,680 of which was required to be paid as a pass through to other "independent contractors" hired by the Individual Defendants to work at the buildings.

41) In sum, Plaintiff was paid $6,320 per month for his services.

42) Although Plaintiff was on call 24 hours per day 7 days a week for up to 44 buildings

at a time, Plaintiff worked an average of 112 hours per week.

43) Plaintiff was never asked to track his hours via punch clock or any other method.

44) As a result, Plaintiff's hourly wage fell below the minimum wage required to be paid to employees by the State of New York.

45) Plaintiff was not paid overtime.

46) As a superintendent for the Individual Defendants, Plaintiff was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

47) Throughout the entire statutory period:

- Individual Defendants failed to pay Plaintiff in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- Individual Defendants violated NYLL § 195(1) by failing to provide Plaintiff with a yearly notice which includes rates of pay including straight time and overtime; how and when Plaintiff is paid; the official name of Plaintiff's employer and any other names used for business; the address and telephone number of the employer's main office or principal location.

- Individual Defendants failed to provide Plaintiff with wage statements or explanations of how wages were calculated in violation of NYLL § 195(3).

- Plaintiff, at all times relevant, worked in excess of forty (40) hours per workweek.

- Individual Defendants failed to pay Plaintiff at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

11

- Individual Defendants failed to require Plaintiff to sign accurate payroll records, showing payment of wages received.

- Individual Defendants failed to provide Plaintiff with adequate meal breaks in violation of NYLL §§162 et seq.

- Plaintiff has been subject to Individual Defendants' policies and practices of willfully failing to pay him in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

- Plaintiff has been subject to Individual Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times his hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207

- Defendants unlawfully failed to pay Plaintiff the spread-of-hours premium for days in which they worked in excess of ten (10) hours as required under §137-1.7, Title 12 of the N.Y. Comp. Code R. & Regs.

- Defendants committed the acts alleged in this complaint knowingly, intentionally, and willfully within the meaning of FLSA, 29 U.S.C. § 216 and NYLL.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Minimum Wage)

48) Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49) Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed the Plaintiffs.

50) Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

51) Defendants were required to pay Plaintiff the applicable federal minimum wage rate.

52) Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

53) Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

54) As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law- Unpaid Minimum Wage)

55) Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56) Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

57) Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

58) Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff's minimum hourly wages.

As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post- judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

59) Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

60) Defendants were required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the

overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

61) Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

62) Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff's overtime wages for all the hours worked in excess of forty in a workweek.

63) Defendants did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

64) Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

65) Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

66) Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff.

67) Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty per workweek.

68) Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

69) Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff's overtime wages.

70) Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

71) Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

72) Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day in which his shift spanned more than ten hours.

73) By Defendants' failure to pay Plaintiff's spread-of-hours pay, Defendants willfully violated the NYLL Article 19, § 650, *et seq.,* and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §146-1.6.

74) Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (NYLL - Wage Theft Prevention Act- Failure to Provide Wage Notices)

75) Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

76) The NYLL and Wage Theft Prevention Act ("WTPA"), as well as NYDOL regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

77) From its enactment on April 9, 2011, the WTPA has required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

78) In violation of NYLL § 191, Defendants failed to furnish to Plaintiff at the time of

hiring, whenever there was a change to their rate of pay, and on or before February 1 of each year of employment through 2021, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

79) Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SEVENTH CLAIM
### (NYLL - Wage Theft Prevention Act- Failure to Provide Wage Statements)

80) Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

81) The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

82) Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the regular rate or rates of pay; the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

83) Defendants failed to furnish Plaintiff with each payment of wages an accurate

statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

84) Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

   a.  declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

   b.  declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

   c.  declaring that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

   d.  declaring that Defendants' violations of the FLSA and NYLL were willful;

   e.  awarding Plaintiff unpaid minimum and overtime wages;

   f.  awarding Plaintiff unpaid spread-of-hours pay;

   g.  awarding Plaintiff liquidated damages pursuant to the FLSA and to the

NYLL;

h.  awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

i.  awarding Plaintiff pre- and post- judgment interest under the NYLL.

j.  awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA, and the NYLL.

k.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 29, 2023

By: Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorney for Plaintiff*

## VERIFICATION

STATE OF NEW YORK      )
                                       )ss.:
COUNTY OF NEW YORK )

FRANK FIGUEROA, being duly sworn, deposes and says:

I am the Plaintiff and as such I am fully familiar with the facts alleged herein. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to those matters to be alleged upon information and belief, and as to those matters, I believe them to be true.

By: Frank Figueroa

Sworn before me this
25 day of September 2023

Notary Public

MARTIN E RESTITUYO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RE6418174
Qualified in New York County
My Commission Expires: 6/1/25