**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**

1325 Avenue of the Americas, 28th Floor, New York, New York 10019

Martin E. Restituyo
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

August 7, 2024

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Figueroa v. Lowenberg, et al.* CA No. 1:23-cv-09625 (LGS)

Dear Judge Schofield:

This firm represents the plaintiff, Frank Figueroa ("Plaintiff"), in the above-referenced matter. This premotion letter is being submitted pursuant to Your Honor's Order of July 30, 2024, (ECF Doc. 94) and in accordance with Your Honor's Individual Rules and Procedures for Civil Cases Rule III(A)(1). Specifically, Plaintiff hereby requests permission to file a motion to preclude the defendants in this action from presenting documents or testimony in defense of the claims alleged at the motion for summary judgment stage and at trial. Thereafter, and depending on the scope of the Court's decision on the motion to preclude, Plaintiff seeks permission to file a motion for summary judgment to resolve the outstanding issues of liability in this case. Finally, due to a pre-existing conflict, the Plaintiff would like permission to participate telephonically in the conference scheduled for August 21, 2024, at 4:10 PM.

**I – Permission to file a Motion to Preclude Evidence Pursuant to FRCP Rule 37(b)(2)(A)(ii)**

Fed. R. Civ. P. Rule 37(b)(2)(A)(ii) authorizes the Court to issue an order prohibiting a disobedient party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" where said party has failed to obey a discovery order. Here the defendants have violated two Court orders directly related to discovery. Specifically, the defendants failed to comply with the Court's Order of January 4, 2024, that set May 6, 2024, as the deadline for completion of discovery. (ECF Do. No. 63) And, after obtaining a reprieve from that Order, failed to comply with the Court's Order of April 16, 2024, where the Court extended the discovery deadline but warned that "**no further extensions of discovery will be granted absent compelling circumstances.**" See ECF Doc. No. 78 (emphasis added)

**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

The defendants acknowledge that they received Plaintiff's First Set of Document Demands and Interrogatories on March 15, 2024. ECF Doc. No. 69. They also concede that they received notices for the defendants' depositions to be taken on April 17 and 18, 2024. *Id*. Notwithstanding, to date, the defendants have failed to provide a compelling explanation for their failure to comply with these demands or the Court's Orders.

Plaintiff's original complaint makes claims of unpaid minimum wage and overtime pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), it also makes claims for failure to pay spread of hours or to provide accurate wage notices and wage statements in violation of the NYLL. (ECF Doc. No. 1) To these claims the Amended Complaint added claims of retaliation in violation of the FLSA and the NYLL. (ECF Doc. No. 83). Besides simply denying Plaintiff's allegations, the defendants assert several affirmative defenses that include, among other things, claims that Plaintiff was paid properly, and that Plaintiff's overtime claims are barred because he was classified as an exempt employee. ECF Doc. No. 85.

Theoretically the defendants could have documents to back up their affirmative defenses. However, as detailed herein, they have never provided such documents. Having denied Plaintiff, the opportunity to scrutinize this evidence, even if it exists, they should be precluded from providing it at this late stage of litigation.

Thus, for the reasons set forth above, Plaintiff seeks permission to preclude all evidence and testimony proposed by the defendants in opposition to the claims brought in this action.

**II – Permission to file a Motion for summary judgment pursuant to FRCP Rule 56**

FRCP Rule 56 permits a party to file a motion for summary judgment after the close of discovery. On July 30, 2024, the Court "Ordered that discovery is now closed." ECF Doc. No. 94. Thus, Plaintiff seeks permission to submit his motion for summary judgment.

Based on his testimony and the documents in his possession, which were turned over to the defendants during the discovery process, Plaintiff affirms that there are no genuine issues of material fact as to any of the claims asserted against the defendants. Specifically, the Plaintiff has evidence to show that he was an employee of the defendants and that he was paid both as an employee and an independent contractor in an attempt to skirt the minimum wage and overtime requirements of the FLSA and the NYLL. As a result of these varied and disingenuous methods of payments, Plaintiff did not receive proper wage statements or wage notices as required by the NYLL. Finally, there is ample evidence to show that upon informing the defendants of his intent to exercise his rights under the FLSA and the NYLL the defendants retaliated against him by terminating his employment and seeking to evict him from his employee housing.

Plaintiff has not been provided with any evidence to contradict these assertions. Nevertheless, if the defendants are permitted to introduce evidence that has heretofore never been scrutinized by the Plaintiff, there may exist the appearance of a material issue of fact that might

**THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

not be easily explained away via a motion at this stage of litigation.[1] Such a situation would cause undue delay and a waste of judicial resources.

Thus, for the reasons set forth herein, Plaintiff respectfully requests the opportunity to submit a motion for summary judgment only after the Court has issued its ruling on the motion to preclude. By doing so, the Court would ensure the preservation of judicial resources and avoid undue delay.

**III – Permission to participate in the pre-motion conference telephonically.**

On July 30, 2024, the Court issued an Order that, among other things, scheduled a premotion conference for August 21, 2024 at 4:10 PM. ECF Doc. No. 94. Respectfully counsel informs the Court that he is scheduled to be out of the country that day[2]. Nevertheless, if the premotion conference can be held virtually or telephonically, yours truly will make all necessary accommodations to participate in the conference.

Thus, for the reasons set forth above, Plaintiff respectfully requests permission: (1) to file a motion pursuant to FRCP Rule 37(b)(2)(A)(ii) to preclude the defendants from submitting evidence not provided during discovery, (2) to file a motion for summary judgment pursuant to FRCP Rule 56, and (3) to participate in the pre-motion conference telephonically.

Respectfully submitted,

_____
Martin E. Restituyo

Cc; Andrea Moss, Esq.

---

[1] Of Course, there also exists the possibility that the defendants may seek to circumvent the scrutiny provided by discovery process and use the motion for summary judgment as a way to introduce evidence that would otherwise be precluded.

[2] To be clear, Plaintiff's Counsel is currently scheduled to be out of the Country from the 19-30 of August. Thus, to the extent that the Court deems an in-person conference necessary, Plaintiff's counsel would be glad to attend any day before or after these dates.