# MOSS BYRNES LLC

187 Hollow Road
Staatsburg, New York 12580
212.242.6152
andrea@mossbyrnes.com

August 14, 2024

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York NY 10007

    Re:    **Figueroa v. Icon et al,** 2:22-CV-09625 (LGS)

Dear Judge Schofield:

We represent Defendants in the above-referenced matter. We write in response to Plaintiff's August 7, 2024, letter seeking permission to make a motion to preclude evidence and testimony and further seeking permission to make a motion for summary judgment. For the reasons set forth below both requests should be denied.

In his request to make motion to preclude Plaintiff asserts that Defendants should be precluded from "offering all evidence and testimony" because they violated two Court Orders related to discovery: First, the January 4, 2024, Order setting discovery deadline as May 6, 2024, and second, the Order setting the close of discovery as July 5, 2024. Plaintiff does not specify what information should be precluded nor does he provide any legal basis for his assertion.

### 1. Plaintiff's request to make a motion to preclude should be denied

As a preliminary matter, Defendants did not violate the January 4, 2024, Order.  In fact, the parties sought and were granted an extension of the discovery deadline weeks before the May 6, 2024, deadline because Plaintiff indicated he intended to file an amended complaint. Plaintiff's deposition was scheduled for April 11, 2024, and Plaintiff's deposition and the depositions of Defendants were to be rescheduled on agreement due to the impending amendments to the complaint.

Thereafter, on April 16, 2024, the Court issued an Order directing Plaintiff to amend the complaint by April 19. Plaintiff violated this Court Order. Plaintiff was

then ordered to amend the complaint by April 26, 2024. Plaintiff violated this Court Order. Plaintiff was given a fourth date by which to amend the complaint and finally did so on May 3, 2024, necessitating the *joint* request to extend discovery until July 5, 2024. The Plaintiff further violated the April 16, 2024, Order which required the parties to inform the Court by July 24, 2024, whether they intended to make any dispositive motions[1].

Plaintiff took no testimony relevant to any of his claims or the defenses and requested no documents relevant to the retaliation and wrongful termination claims he added in the Amended Complaint. Plaintiff did not seek to reschedule depositions and refused to consent to a request to continue discovery --even for one day-- to produce Plaintiff for deposition and mutually discuss any outstanding discovery. Plaintiff refused to even schedule a telephone call in order to resolve any outstanding discovery issues. Defendants made a good faith effort to obtain a brief extension of the discovery deadline in order to complete discovery. In fact, Defendants needed only a single day extension of the discovery deadline but requested more because Plaintiff's counsel indicated he would be away for three weeks in July. Plaintiff opposed the request – even though Plaintiff had not appeared for his deposition and had not taken a single deposition -- and the Court ordered discovery closed on July 5, 2024.

As noted above, Plaintiff has not indicated what evidence he seeks to preclude and therefore it is difficult to completely respond to his proposed motion. However, the documents that Defendants will rely on are almost entirely in Plaintiff's possession including all of his wage records, his tax documents, his invoices and his medical records. As for Plaintiff's request that he be permitted to move to preclude the testimony of witnesses he decided not to depose, Plaintiff was not produced for deposition despite being noticed for his deposition and despite Defendants' efforts to schedule a mutually convenient date and therefore, should the Court permit Plaintiff to make a motion to preclude testimony of witnesses he decided not to depose, Defendants should be permitted to likewise move to have Plaintiff's testimony precluded.

2. **Plaintiff should not be permitted to make a motion for summary judgment because there are material facts that are in dispute.**

Plaintiff provides little information regarding his intended motion for summary judgement and provides no legal basis. In this case, Defendants assert that Plaintiff was an independent contractor who performed services in some of Defendants' buildings. Plaintiff stopped performing work for Defendants when he

---

[1] Plaintiff did not seek an extension of the July 24, 2024, deadline which was extended by the court sua sponte.

was involved in an off-duty accident and unable to work. Plaintiff's own wage records including 1099s and tax returns for his LLC indicate that Plaintiff is a W-2 employee of his own LLC and demonstrate that his business employed other individuals. Plaintiff did not have fixed days or hours when he worked, he was not required to work exclusively for the Defendants, he was not on Defendants' payroll but was paid without any withholdings, he performed services without any supervision, he supervised others and made hiring and firing recommendations. Defendants further assert that, even if Plaintiff were to be considered an employee, he is exempt from overtime given the amount of money he earned and his job duties. In addition, with respect to any purported claims of wrongful termination and/or retaliation, Plaintiff's own medical records demonstrate the date of his injury and his inability to perform work and emails in Plaintiff's possession demonstrate that he was asked to contact Defendants in order to discuss his potential return to perform work after recovering.

**Conclusion**

For the foregoing reasons, Plaintiff's request to make a motion to preclude should be denied and, should the Court allow Plaintiff to make a motion to preclude the testimony of witnesses Plaintiff failed to schedule for deposition prior to the close of discovery, Defendants request permission to similarly move to preclude Plaintiff from providing testimony due to his failure to appear for his noticed deposition. In addition, Plaintiff's request to make a motion for summary judgement should be denied because, at this time, there are material facts in dispute.

Respectfully submitted,

Andrea Moss