THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

Martin E. Restituyo
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

December 10, 2024

VIA ECF

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Figueroa v. Lowenberg, et. al.,* CA No. 1:23-cv-09625 (LGS)

Dear Judge Schofield:

This office represents the plaintiff, Frank Figueroa, ("Plaintiff") in the above- referenced matter. We submit this letter motion, together with Defendants' counsel, to respectfully request that the Court approve the settlement entered into between Plaintiff and Terrence Lowenberg, and Todd Cohen (the "Individual Defendants") and Icon Realty Management LLC, The Icon Group LLC, T & T Realty Management LLC, 37 Crosby Realty LLC, 317-319 Second Realty LLC, 443 East 78 Realty Associates LLC, 30 West 88 Realty LLC, 320-324 West Realty Associates LLC, 24-26 Jane Realty LLC, 316 West 51 Realty LLC, 535 Hudson Realty LLC, 406 West 48 Realty LLC, 410 West 48 Realty LLC, 353 6 Ave Realty LLC, 316 West 14 Realty Associates LLC, 447 West 47 Realty LLC, 192 East 3 Realty LLC, 1382 First Realty LLC, 37 West 89 Realty LLC, 446 West 19 Realty Associates LLC, 128 Second Realty LLC, 477 Amsterdam Realty LLC, 18 West 88 Realty LLC, 27 Ave C Realty LLC, 323 East 78 Realty Associates LLC (the "Nominal Defendants") (the Individual Defendants and Nominal Defendants are collectively referred to as "Defendants"). The settlement agreement ("Settlement Agreement") is attached hereto as Exhibit 1, for the Court's review and approval.

The parties submit that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

1

THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

I.  BACKGROUND

The above referenced action was commenced by Plaintiff via the filing of a Verified Complaint with Jury Demand on November 1, 2023 (the "Action") [Doc. No. 1] Plaintiff brought this action seeking to recover unpaid minimum wages, overtime pay, spread of hours, liquidated damages, interest, attorneys' fees, and costs, for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (together the "NYLL).

In the year that passed the parties engaged in some discovery and participated in two mediation sessions. On November 7, 2024, the parties agreed to settle the matter as indicated below.

II.  THE TERMS OF THE SETTLEMENT ARE FAIR AND REASONABLE

   a. The Consideration

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $150,000. In addition, Defendants shall continue to let Plaintiff reside in the apartment he occupied as part of his relationship with the Defendants, located at 1379 Lexington Avenue, Apartment 2C, New York, New York 10128 until December 31, 2024, without interference.

   b. Plaintiff's Position

In his complaint Mr. Figueroa alleged that he was employed by the Individual Defendants in 2009 to work as a Superintendent taking care of some of their buildings. In the subsequent years, Plaintiff alleges that the Individual Defendants convinced him to incorporate a company and began paying him as an independent contractor in order to skirt the labor laws. As the Individual Defendants grew their empire of owning and managing buildings in New York City, Plaintiff was given more and more responsibility, such that at one point he was managing 44 of Defendants' buildings and working around the clock seven days a week. During this same period of time, and notwithstanding how he was paid, Plaintiff was at all times treated like an employee of the Defendants. In exchange for his services (i.e. working almost 112 hours per week), Plaintiff was paid a fixed wage of approximately $6,320 per month, which is less than the minimum hourly wage. In addition, Plaintiff's was provided no annual wage notice, nor wage statements, no overtime pay, and no spread of hours pay.

A damages calculation revealed that if successful at trial on all of his claims, Plaintiff would have been entitled to recover approximately $542,338.85 from the Defendants. However, the Defendants were not without defenses. Indeed, there was some doubt as to whether Plaintiff could

THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

prove that he was not an independent contractor or, alternatively, an exempt employee. Equally difficult would have been Plaintiff's ability to prove damages.

Although Plaintiff was confident that he would prevail at trial, he understood that there were risks associated with his case. In addition, Plaintiff maintained a preference for a quicker resolution of this matter and a guaranteed outcome and payment via Court-approved settlement. So, after considering the risks and length of protracted litigation, Plaintiff made a practical decision to reach an early resolution of his claims.

c. Defendants' Position

Defendants assert that Plaintiff was properly classified as an Independent Contractor and that his LLC was properly paid for all work performed for Defendants. Defendants further assert that, even if Plaintiff were considered an employee, he was exempt from overtime given his high salary, the nature of his duties and Defendants' lack of control over his work. Defendants elected to resolve this matter because of their long-standing relationship with Plaintiff and in order to avoid the substantial costs and uncertainty associated with continued litigation.

d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

"In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).

Here the parties agreed to settle all claims asserted in this matter against Defendants for $150,000. The settlement agreement was reached after arm's length negotiations between the two parties, represented by counsel, and neither party exercised undue influence on the other. The

3

parties believe that this amount is reasonable considering Plaintiff's claims and the risks posed by a protracted litigation.

III. THE NON-MONETARY TERMS OF THE SETTLEMENT AGREEMENT ARE FAIR AND REASONABLE

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 1 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing its experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

IV. DISTRIBUTION TO PLAINTIFF AND REQUESTED ATTORNEYS' FEES AND EXPENSES

a. Distribution to Plaintiff

The parties agreed to a global settlement of $150,000 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $100,000 after the requested attorneys' fees and expenses.

THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel entered into a written retainer agreement with the Plaintiff that entitles Plaintiff's counsel to collect a contingency fee of 33.3% of the total recovery plus expenses. Notwithstanding, Plaintiff's counsel waives his right to collect the expenses. As such, Plaintiff's counsel respectfully requests that attorney's fees of $50.000.00 be awarded to the Law Offices of Martin E. Restituyo, P.C.

The settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $150,000.00
**Requested Attorneys' Fees:** $50,000.00 ($150,000.00 * 1/3)
**Total payable to Plaintiff:** $100,000.00 ($150,000.00 * 2/3)

Attorneys' fees of one third on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.,* 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through its efforts. Plaintiffs' counsel has zealously advocated for the Plaintiff throughout the litigation process and believes that the settlement amount secured is a product of its efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

V. CONCLUSION

In conclusion, the parties believe that the settlement amount and the terms of the Settlement Agreement are fair and reasonable. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss the Action in its entirety.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

Martin E. Restituyo, Esq.